UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| W LYNN FRAZIER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-4 |
| | § | |
| MAP OIL TOOLS, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

On this day came on to be considered Plaintiff's Motion for Reconsideration of Partial Summary Judgment. (D.E. 52.) For the reasons stated herein, Plaintiff's Motion for Reconsideration is DENIED.

**I.  Jurisdiction**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (exclusive jurisdiction over patent cases).

**II.  Factual and Procedural Background**

On January 5, 2010, Plaintiff W. Lynn Frazier filed this patent infringement action under 35 U.S.C. § 271 against MAP Oil Tools, Inc. ("Defendant") (D.E. 1.) The relevant patent, U.S. Patent No. 6,796,376 ("'376 patent"), was issued to Plaintiff Frazier on September 28, 2004. The invention relates to a composite bridge plug system, utilized in oil well drilling. (D.E. 1 at 2.)

On July 13, 2010, this Court held a claim construction conference in the above-styled action. At the conference, the Court granted Defendant's Motion for Partial

Summary Judgment as to Claim 4 of the '376 patent, on grounds of non-infringement and invalidity. (D.E. 50 at 143; D.E. 45 at 15.)

As discussed more fully in this Court's July 16, 2010 Order, Claim 4 states that the bridge plug contains "a head member attached to the lower portion of the mandrel having a slot for catchably retaining the engaging portion of a superposed bridge plug." (D.E. 36-1 at 15.) As this Court previously explained, "[t]he bridge plugs can be arranged in a series, such that one bridge plug connects to another bridge plug located above or below it. At issue here is the mechanism by which these bridge plugs connect." (D.E. 45 at 4.) The configuration described in Claim 4 is not possible as written, given the definition of "superposed" as "located above or over." With this definition, Claim 4 as written means that one bridge plug has a slot on the head member attached to the lower end of the mandrel meant to retain the engaging portion of another bridge plug located *above* the first bridge plug. A bridge plug is simply not capable of using a slot at its bottom end to connect with another bridge plug positioned above it. Rather, this slot would be used to connect to another bridge plug located below it. (D.E. 45 at 4.)

Despite this apparent error, Plaintiff argued in its written briefing and at oral argument that Claim 4 contained no error. Rather, Plaintiff contended that "[o]ne with skill in the art would interpret Claim 4 to require a bridge plug capable of engaging two other bridge plugs, one above and one below, not the same, single superposed bridge plug as erroneously asserted by Defendants." (D.E. 44 at 11.) Plaintiff based this interpretation upon the use of the article "a" twice in Claim 4, which Plaintiff claimed demonstrates that "two bridge plugs were contemplated." (D.E. 44 at 12.) Plaintiff affirmatively stated that he "is not asking this Court to rewrite any aspect of claim 4," and

that he "merely requests that claim 4 be properly interpreted according to common sense, industry knowledge, and as the hypothetical one with skill in the art is deemed to do." (D.E. 44 at 16-17.)  At the <u>Markman</u> hearing, counsel for Plaintiff reiterated his argument that Claim 4 did not contain an error.  July 13, 2010 Hearing at 1:16:33 ("We don't think there's really a mistake there."); 1:20:10 ("I would like to tell you that it's a typo, but I just don't know if it was or not.").).

In light of Plaintiff's contentions that Claim 4 did not contain a mistake, the Court declined to exercise its limited power to correct patent errors.  (D.E. 45 at 9.)  Interpreting Claim 4 as written, the Court then found that Defendant's tool did not infringe Claim 4, and that this Claim was invalid under 35 U.S.C. §§ 101 and 112.  (D.E. 45 at 10.)  Plaintiff now seeks reconsideration of the Court's Order on Partial Summary Judgment.  (D.E. 52).  Plaintiff states that "[a]fter considering the Court's summary judgment order, Plaintiff agrees that claim 4 contains a clerical error and respectfully requests that the Court correct the clerical error. . . ."  (D.E. 52 at 5.)  As such, Plaintiff "withdraws his previous argument attempting to make sense of claim 4 as written."  (D.E. 52 at 10.)

Defendant filed a Response on September 3, 2010.  (D.E. 56.)  Defendant opposes the request for reconsideration on several bases.  First, Defendant contends that judicial correction of Claim 4 is not available, in light of Plaintiff's previous statements denying the existence of an error, and the type of error at issue.  (D.E. 56 at 7-19.)  Second, Defendant argues that Plaintiff cannot meet the standard under Federal Rules of Civil Procedure 59(e) for reconsideration.  (D.E. 56 at 19-23.)  Finally, Defendant contends that judicial estoppel bars Plaintiff's Motion for Reconsideration.  (D.E. 56 at 23-25.)

**III.   Discussion**

Motions to reconsider may be made under Federal Rule of Civil Procedure 59(e) or Rule 60(b).  Plaintiff does not specify under which Rule his Motion is brought.

Rule 59(e) motions must be made "within 28 days after entry of the judgment." Fed. R. Civ. P. 59(e).  Prior to the 2009 amendments extending the deadline for Rule 59(e) motions from 10 days to 28 days, the Fifth Circuit had explained that "[i]f the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)."  Lavespere v. Niagra Machine & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990).  The same rule has been applied post-amendment.  See, e.g., Williams v. Thaler, 602 F.3d 291, 303, n.7 (5th Cir. 2010) (acknowledging amendment and stating that 2009 amendments to Rule 59(e) do "not affect the substance of our analysis."); Gurganus v. Cain, 2010 WL 2010489, at *1 (E.D. La. May 17, 2010).  Because this Court entered summary judgment on Claim 4 on July 16, 2010, (D.E. 45) the Motion for Reconsideration is considered under Rule 59(e).

A Rule 59(e) motion is one that seeks to "alter or amend" a previous judgment entered by the Court. Fed. R. Civ. P. 59(e). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004).  The Fifth Circuit has explained that a Rule 59(e) "motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Id.; Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990) (Rule 59(e) motions "cannot be used to raise arguments which could, and should, have been made before the judgment issued.").  Such motions "cannot be used to argue a case under a new legal theory." Ross v. Mitchell, 426

F.3d 745, 763 (5th Cir. 2005). Rather, Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Templet, 367 F.3d at 479 (citing Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)). A Rule 59(e) motion "**must clearly establish** either a manifest error of law or fact or must present newly discovered evidence" that was not available before the judgment issued. See Schiller v. Physicians Res. Group Inc., 342 F.3d 563, 567-68 (5th Cir. 2003) (citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 863-64 (5th Cir. 2003)) (emphasis added).

Plaintiff fails to mention, let alone establish, the presence of a "manifest error of law or fact," or "newly discovered evidence," that may warrant relief under Rule 59(e). Rather, Plaintiff has simply changed his argument in light of the Court's statements at the claim construction conference, and the legal standard for correction of a patent stated in Novo Industries v. Micro Molds Corp., 350 F.3d 1348, 1357 (Fed. Cir. 2009).[1] While Plaintiff previously argued on summary judgment that he "is not asking this Court to rewrite any aspect of claim 4," and has "never suggested that 'superposed' should be substituted with the term 'subjacent,'" (D.E. 44 at 16-17), Plaintiff has essentially reversed course, now stating that he "withdraws his previous arguments attempting to make sense of claim 4 as written [and] respectfully requests the Court to correct" Claim 4. (D.E. 52 at 10; see also D.E. 52 at 5 ("After considering the Court's summary judgment order, Plaintiff agrees claim 4 contains a clerical error and respectfully requests that the Court correct the clerical error . . . .").

---

[1] Novo Industries held that "[a] district court can correct a patent only if (1) the correction is not subject to reasonable debate based on consideration of the claim language and the specification and (2) the prosecution history does not suggest a different interpretation of the claims." Novo Indus., 350 F.3d at 1357.

Plaintiff's post-summary judgment tactical changes do not warrant relief under Rule 59(e).  See, e.g., Simon, 891 F.2d at 1159 (Rule 59(e) motions "cannot be used to raise arguments which could, and should, have been made before the judgment issued."); Resolution Trust Corp. v. Holmes, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) ("[N]either a Rule 59 nor a Rule 60 motion provides the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier.").  Plaintiff must present some cognizable basis to warrant reconsideration before the Court may review the substance of its underlying decision.  As Plaintiff has failed to do so, the Court must deny Plaintiff's Motion for Reconsideration.

Because the Court concludes that there is no basis for reconsideration, it need not address Defendant's alternative arguments based on the Court's ability to correct patent errors, or judicial estoppel.

### IV.  Conclusion

For the reasons stated above, Plaintiff's Motion for Reconsideration of Partial Summary Judgment is DENIED. (D.E. 52.)

SIGNED and ORDERED this 7th day of September, 2010.

_____
Janis Graham Jack
United States District Judge